# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVAN CHAVEZ,

    Petitioner,

    v.                                                                                               No. 17-CV-00756-RB-LF

STATE OF NEW MEXICO, V. HORTON,
SECOND JUDICIAL DISTRICT,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, on Petitioner Stevan Chavez's motion "to Amend or Remand for Review Merits of Plaintiffs [sic] 28 U.S.C. § 2255 to Vacate or Set Aside the Conviction or to Correct the Sentence Cognizable Review Successive Petition (2241)," which was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Also before the Court is Petitioner's "Memorandum of Points And Authorities Offense Level To Be Reduced Reversed or Amend To a Lesser Sentence Length of Time," which was docketed as an appendix/supplement to his § 2254 petition. (Doc. 6.) For the reasons explained below, Petitioner's § 2254 petition will be dismissed without prejudice for lack of jurisdiction, a certificate of appealability will be denied, and judgment will be entered.

On July 20, 2017, Petitioner filed his motion "to Amend or Remand for Review Merits of Plaintiffs [sic] 28 U.S.C. § 2255 to Vacate or Set Aside the Conviction or to Correct the Sentence Cognizable Review Successive Petition (2241)," which asks the Court "to remand (or review)" his

state murder convictions in *State of New Mexico v. Stevan Chavez*, case No. CR-98-03870,[1] based on alleged "constitutional rights violations." (Doc. 1 at 2.) On September 8, 2017, Petitioner filed his "Memorandum of Points And Authorities Offense Level To Be Reduced Reversed or Amend To a Lesser Sentence Length of Time," which asks the Court to amend his state murder convictions to manslaughter convictions and to reduce his sentences pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 6.) Lastly, on October 11, 2017, Petitioner moved for discovery of "any kind of updated findings of material tape transcripts or evidence that could have or will be used to find a final decision" in this "habeas corpus" action against "the Judicial Second District." (Doc. 7.)

Petitioner requests relief from his state convictions and sentences under 28 U.S.C. § 2255, but this statutory provision only is applicable to prisoners in *federal* custody seeking relief from their *federal* convictions or sentences. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). Petitioner is in *state* custody challenging the constitutional validity of his *state* convictions and a "state prisoner may bring a habeas action under [28 U.S.C. §] 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (internal quotation marks omitted). A petition "brought under § 2254 [is] a challenge to the validity of . . . [the petitioner's] conviction and sentence," whereas a petition brought under "§ 2241 [is] an attack on the execution of his sentence." *Id.*; *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence . . ., in contrast to § 2254 habeas and § 2255 proceedings,

---

[1] Attached to Petitioner's motion is a copy of the Judgment, Sentence & Commitment in case No. CR-98-03870, indicating that Petitioner pleaded guilty to three counts of first degree murder (willful and deliberate) and was sentenced "to the custody of the [New Mexico] Corrections Department to be imprisoned for a life term as to Count 1, a consecutive life term as to Count 2, and a concurrent life term as to Count 3, for a total term of sixty (60) years served before defendant is eligible for parole." (Doc. 1 at 5.)

which are used to collaterally attack the validity of a conviction and sentence . . . .") (citations omitted). In the present case, Petitioner challenges the constitutional validity of his state convictions and sentences and, therefore, the Court liberally will construe his motion (Doc. 1) as a § 2254 petition.[2] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

The Court will take judicial notice of its own records, which reflect that this is not Petitioner's first § 2254 petition challenging his state convictions and sentences in case No. CR-98-03870. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "a court may, sua sponte, take judicial notice of its own records and preceding records"). On January 13, 2003, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d)(1)(A). *See Chavez v. Williams*, No. 03-CV-00071-WJ-WDS, Docs. 15, 19 (D.N.M. April 14, 2003). Petitioner filed an appeal in the United States Court of Appeals for the Tenth Circuit, which was dismissed. *Id.* at Doc. 22.

The dismissal of Petitioner's "first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244. *In*

---

[2] Ordinarily, when a district court recharacterizes a pro se pleading as a first § 2254 petition, the Court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). This restriction does not apply, however, where the petitioner previously filed a § 2254 petition, because "if the prisoner has filed once, any future motion will be subject to the same constraints whether it is the second [§ 2254] motion or a third." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). As explained in the body of this opinion, this is not Petitioner's first § 2254 petition and, therefore, the Court need not provide Petitioner with notice and an opportunity to amend or withdraw his pro se pleading prior to recharacterization.

*re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive § 2254 petition in the district court absent authorization of the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Court of Appeals], the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.*

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* Furthermore, "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2254 petition must be based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) a factual predicate that "could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

4

that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(1)(i)-(ii).

Petitioner's § 2254 petition lacks merit because it is not based on a new rule of constitutional law or new facts that could not have been discovered previously through the exercise of due diligence. In fact, Petitioner's § 2254 petition raises many of the same constitutional claims that previously were raised in his prior § 2254 proceeding: (1) that his conviction was the result of a coerced confession; (2) that his trial counsel was ineffective; and (3) that his guilty plea was involuntary. *Compare* Doc. 1, *with Chavez v. Williams*, No. 03-CV-00071-WJ-WDS, Doc. 22 at 3–4. Because there is no risk that a meritorious second or successive claim will be lost, the Court declines to transfer this case to the United States Court of Appeals for the Tenth Circuit and, instead, will dismiss Petitioner's second or successive § 2254 petition for lack of jurisdiction.

To the extent Petitioner seeks sentencing relief under 18 U.S.C. § 3582(c)(2) (*see* Doc. 6 at 2), this action also is subject to dismissal. "Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed. . . . But a district court may modify a sentence when it is statutorily authorized to do so." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (citation omitted). Section 3582(c)(2) authorizes a district court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). "Section 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law." *Ansel v. Cooper*, No. 3:10-CV-548-RJC, No. 2012 WL 3619266, at *3 (W.D.N.C. August 21, 2012). Because Petitioner is a state prisoner seeking to reduce a state sentence, the Court lacks jurisdiction to reduce his sentence under § 3582(c)(2).

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that it lacks jurisdiction over Petitioner's second or successive § 2254 petition filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Petitioner's § 2254 petition (Doc. 1) is DISMISSED without prejudice for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**